# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**GREGORY THERMAN PIERCE,** )
)
Petitioner, )
)
v. ) Case No. CIV 17-213-JHP-KEW
)
**JOE M. ALLBAUGH, DOC Director,** )
)
Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 8). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is challenging his convictions in Carter County District Court Case No. CF-2011-480 for Trafficking in Illegal Drugs (Methamphetamine), After Former Conviction of a Felony (Count 1); Possession of a Controlled Dangerous Substance (Marijuana), After Former Conviction of a Felony (Count 2), Possession of a Firearm During the Commission of a Felony, After Former Conviction of a Felony (Count 3), and Possession of a Firearm, After Former Conviction of a Felony (Count 4).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

12/11/2013  Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") in Case No. F-2012-875.

03/11/2014  Petitioner's convictions became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

| | |
|---|---|
| 03/12/2014 | Petitioner's statutory year began to run. |
| 09/25/2014 | Petitioner filed an application for post-conviction relief in the Carter County District Court. |
| 07/07/2015 | The trial court denied Petitioner's application for post-conviction relief. |
| 07/16/2015 | Petitioner filed in the trial court a timely notice of post-conviction appeal. |
| 08/06/2015 | Petitioner's deadline for filing in the OCCA his petition in error and brief with a certified copy of the trial court's order denying post-conviction relief. |
| 08/07/2015 | The statute of limitations resumed running. |
| 01/22/2016 | Petitioner's statutory year for filing a habeas corpus petition expired. |
| 06/07/2017 | Petitioner filed this petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner, represented by counsel, was convicted by a jury of the four counts in Case No. No. CF-2011-480. He filed a direct appeal to the OCCA, which affirmed the convictions and sentences in *Pierce v. State*, No. F-2012-875 (Okla. Crim. App. Dec. 11, 2013) (unpublished) (Dkt. 9-2). Petitioner's convictions, therefore, became final on March 11, 2014, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). The statutory year began to run the next day on March 12, 2014, and it expired on March 12, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application on September 25, 2014, and the trial court denied the application on July 7, 2015 (Dkt. 9-1 at 15). On July 16, 2015, Petitioner filed in the trial court a timely notice of intent to appeal the post-conviction denial (Dkt. 9-1 at 15). He had 30 days from July 7, 2015, to August 6, 2015, to file his petition in error and brief in support with the OCCA. *See* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2011). He did not, however, perfect his appeal to the OCCA.

"[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir.

3

2000) (emphasis in original). Allowing for the statutory tolling for Petitioner's post-conviction proceedings, his filing deadline was extended 316 days from March 12, 2015, until January 22, 2016. This habeas corpus petition, filed on June 7, 2017, was untimely.

On November 5, 2015, Petitioner filed a petition for a writ of mandamus in the OCCA in Case No. MA-2015-975. He alleged that in August 2015 and October 2015, he mailed an application for post-conviction relief in the Carter County District Court, seeking an appeal out of time. He claimed, however, that neither had been filed. On November 24, 2015, the OCCA ordered the trial court to determine if such pleadings had been submitted for filing. On December 28, 2015, the trial court entered a Response and Order advising that Petitioner's notice of post-conviction appeal was timely filed, and directing the clerk of the district court to transmit to the OCCA the records pertaining to the post-conviction proceedings. On January 25, 2016, the OCCA dismissed the mandamus request as moot. (Dkts. 9-1 at 15; 9-3).

Respondent asserts Petitioner's mandamus petition did not serve to toll the statute of limitations, citing *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (holding that an application for a writ of mandamus seeking to direct the trial court to perform its duty is not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment"). Therefore, the Court finds there was no additional tolling of the limitation period.

Instead of resubmitting an application for post-conviction relief to seek an appeal out of time, on January 25, 2016, Petitioner filed in the OCCA his appeal of the July 7, 2015, order denying post-conviction relief. *See Pierce v. State*, No. PC-2016-047 (Okla. Crim. App. Feb. 16, 2016) (unpublished) (Dkt. 9-4). The OCCA dismissed the appeal for Petitioner's failure to timely file a petition in error and brief with a certified copy of the trial

4

court's order addressing whether he should be granted a post-conviction appeal. *Id.*, slip op. at 1 (citing Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App. (2016)). The OCCA also advised Petitioner of the procedure for appealing the July 7, 2015, order. *Id.*, slip op. at 2. Because the post-conviction appeal did not meet the procedural requirements of the OCCA, it was not "properly filed" and did not serve to further toll the limitation period. *See Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) ("A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading.").

Petitioner eventually followed the correct procedure for seeking a post-conviction appeal out of time by filing an application for post-conviction relief in the trial court on March 21, 2016 (Dkt. 9-1 at 16). *See Pierce v. State*, No. PC-2017-72 (Okla. Crim. App. Apr. 4, 2017) (affirming denial of Petitioner's application for post-conviction relief).[1] The application and its subsequent appeal did not toll the limitation period, because the application was filed after the deadline had passed. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations."). *See also Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) (Because petitioner filed his state habeas petition "more than two years after the limitation period ended, it cannot serve as the basis for tolling under § 2244(d)(2).").

In addition, the fact that Petitioner was granted an appeal out of time does not make his habeas petition timely. "The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court." *Gibson*, 232

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

5

F.3d at 804. "A state court's decision to look beyond procedural deficiencies or to grant an appeal out of time does not transform all of a petitioner's state filings into one 'properly filed' application, which essentially 'relates back' to a petitioner's original application for state post-conviction relief." *Id.* at 806. Petitioner's habeas petition is barred by the statute of limitations.

Petitioner stated in his petition, "I'm timely!" (Dkt. 1 at 13), and he reiterated this position in his response to the motion to dismiss (Dkt. 10 at 1). He maintains Respondent's calculations failed to include several pending state court pleadings.

Only "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" [is] counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Furthermore, Petitioner's post-conviction proceedings which commenced after the January 22, 2016, filing deadline cannot serve to toll an already-expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

**Equitable Tolling**

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to this relief.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 18th day of April, 2018.

*James H. Payne*
United States District Judge
Eastern District of Oklahoma